[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 14-10668
Non-Argument Calendar

_____

D.C. Docket No. 4:13-cr-00121-BAE-GRS-2

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERTO BARRERO,

Defendant-Appellant.

_____

Appeals from the United States District Court
for the Southern District of Georgia

_____

(August 25, 2014)

Before TJOFLAT, WILSON and ROSENBAUM , Circuit Judges.

PER CURIAM:

In this case, Roberto Barrero pursuant to a plea agreement pled guilty to two counts of a 52-count indictment, Counts One and Twenty-Seven.  Count One charged Barrero and eight others with conspiring, in violation of 18 U.S.C. § 371, to engage in the business of dealing in firearms, in violation of 18 U.S.C. § 922(a)(1), to purchase and sell contraband cigarettes, in violation of 18 U.S.C. § 2342(a), and to transport in interstate and foreign commerce stolen motor vehicles with altered serial numbers, in violation of 18 U.S.C. §§ 553(a), 2312 and 2331.  Count Twenty-Seven charged Barrero and three others with carrying a firearm during a drug trafficking offense, in violation of 18 U.S.C. § 924(c).  The district court sentenced Barrero to consecutive prison terms of 60 months on Count One and 120 months on Count Twenty-Seven for a total of 180 months.  The latter sentence was imposed 60 months above the applicable Guidelines range.  He appeals his Count Twenty-Seven sentence as substantively unreasonable.

He argues that the circumstances of the case did not warrant a 60-months' variance above the 120-months Guidelines range, contending that the 120-months' range captured the seriousness of his criminal conduct, that the court improperly considered his unproven and exaggerated statements concerning his criminal intent, that he respects the law and has been deterred from future crime, and that the variance was imposed despite the Government's motion for a downward departure under U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e).

2

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L.Ed.2d 445 (2007). We first ensure that the district court's sentence was procedurally reasonable—that the court committed no significant procedural error, such as improperly calculating the Guidelines range or inadequately explaining the chosen sentence. *Id.* at 51, 128 S. Ct. at 597. In this case, we find no procedural error and therefore move to the question of whether the sentence is substantively unreasonable, as Barrero contends. We answer that question by considering the totality of the circumstances in the case. *Id.* When the sentence is outside the applicable Guidelines range, we focus on the degree of the variance from that range—in this case, 60 months. *Id.* at 47, 128 S. Ct. at 594-95.

The law requires that the district court impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" a sentence is supposed to serve as listed in 18 U.S.C. § 3553(a)(2). 18 U.S.C. § 3553(a). These purposes include the need of the sentence to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to deter criminal conduct, and to protect the public from the defendant's further crimes. *Id.* § 3553(a)(2). The district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the guideline range, the Sentencing Commission's pertinent policy

3

statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Amedeo*, 487 F.3d 823, 832 (11th Cir. 2007).

Where, as here, the district court decides that a sentence outside the Guidelines range is required, it must ensure that there is a sufficiently compelling justification to support the degree of variance. *Gall*, 552 U.S. at 50, 128 S.Ct. at 597. In doing this, the court may consider all relevant facts concerning the defendant's background, character, and conduct. *See United States v. Faust*, 456 F.3d 1342, 1348 (11th Cir. 2006) (holding that a court may consider relevant acquitted conduct when sentencing, so long as the underlying facts are proved by the preponderance of the evidence). These facts may include undisputed statements in the presentence report ("PSI"). *United States v. Beckles*, 565 F.3d 832, 843-44 (11th. Cir. 2009). When imposing a variance based on the § 3553(a) factors, the court may consider conduct already accounted for in the calculation of the applicable Guidelines range. *Amedeo*, 487 F.3d at 833-34.

We must give due deference to the district court's decision that the § 3553(a) factors, as a whole, justify a variance. *Gall*, 552 U.S. at 51, 128 S.Ct. at 597. A sentence that is imposed well below the statutory maximum penalty, as in this case, indicates that it is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324

(11th Cir. 2008) (holding that a sentence was reasonable in part because it was well below a statutory maximum). We may vacate a sentence imposed above the applicable Guidelines range only if we have "the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009).

We find that Barrero's 180-month sentence on Count Twenty-Seven is substantively reasonable. The district court considered all of the § 3553(a) factors and concluded that a sentence of within the Guidelines range, 60 months, would not sufficiently account for Barrero's extensive criminal conduct. As the court observed, the unchallenged factual statements in the PSI established that Barrero was involved in the conspiracy for over a year, sold or purchased over 50 firearms, nine stolen cars, 2,370 packs of untaxed cigarettes, and 933 grams of cocaine. In addition, the court noted that Barrero obliterated the serial numbers of nineteen of the firearms, and he traded 23 firearms, nine .50-caliber rifles and 14 AK47s, and two stolen vehicles. Moreover, the court pointed out, he recruited "multiple individuals," including his own nephew. Because of the plea agreement, however, the district court recognized that "this conduct had no impact on [Barrero's] Advisory Guideline term of imprisonment, which [was] capped at 120 months." In

5

the absence of the cap, the court concluded, Barrero's Advisory Guidelines range would have been 352 to 425 months' imprisonment.

The court further was troubled by Barrero's attempts to convert semi-automatic firearms to machine guns and by his claims that he needed a source to launder $2-18 million, the proceeds of his drug trafficking. As if this were not enough, the court expressed concern that, after Barrero participated in the sale of four stolen vehicles during the ongoing conspiracy and he and another defendant were arrested and posted bond for attempting to disable the security-tracking system of a fifth stolen vehicle, Barrero continued to participate in the offenses at issue before the district court. Indeed, even after Barrero was convicted of grant theft of a motor vehicle and was sentenced to 18 months of state probation, the district court noted, Barrero distributed seven more firearms, including a machine-gun pistol. Based on all of these facts, the district court explained its conclusion that under the § 3553(a) factors, an upward variance was warranted.

As for the government's motion for a downward departure pursuant to Section 5K1.1, the district court likewise addressed that. It noted that, in the absence of the government's motion, it would have imposed a term of imprisonment of at least 220 months' imprisonment. Because of the government's motion, however, the court instead imposed a total sentence of 180 months'

imprisonment.  Thus, it is clear that the district court considered Barrero's cooperation when it fashioned the sentence.

In sum, the court provided a sufficiently compelling justification for imposing the variance in this case.  Barrero's Count Twenty-Seven sentence is accordingly

AFFIRMED.